*739
 
 BRUNOT, J.
 

 This suit is based upon two grounds, viz.: That defendants have permanently appropriated a portion of the bed of Lake Pontchartrain to their exclusive use and are thereby committing a trespass and purpresture upon the public domain; and that the location of the structure they have erected on the bed of the lake is immediately adjacent to the channel used by boats entering the artificial harbor of the Howze Beach Road; that it is not marked by lights at night, and for these reasons, and because of the public’s use of the toilets in the structure, it is a public nuisance. The second ground does not appear to have been considered by the trial judge,, and, as it is not referred to in plaintiff’s brief, we may assume that it has been abandoned.
 

 The remaining issue is whether or not the doctrine of purpresture may be recognized and enforced in Louisiana.
 

 Before answering the suit defendants filed an exception of no right or cause of action. The basis of this exception was that the petition did not allege that defendants’ occupancy of a portion of the bed of the lake had interfered with the use of the lake and its shores by other persons. The exception was overruled, answer was filed, the case was regularly called for trial, and it was submitted on an agreed statement of facts, which we summarize as follows:
 

 Philip Timothy owns and operates, for his personal profit, a large, permanent, two-story, public bathhouse, resting upon piling driven in the bed of Lake Pontchartrain, about 300 feet from the shore line, in St. Tammany parish, Louisiana. The portion of the lake bed occupied by the structure is being permanently appropriated by defendant Timothy to his own exclusive use. No permit to erect the structure was obtained from the state, parish, or municipality. Timothy does not pay an ad valorem tax, but does pay an occupational license tax. The defendant Panks has no interest, as an owner of the structure, but is merely the employee of the defendant Timothy.
 

 The trial of the case resulted in a judgment, in favor of plaintiff, state of Louisiana, and against the defendant, Philip Timothy, commanding the abatement of the purpresture and trespass maintained by him, ordering the demolition of the bathhouse, and perpetually enjoining the further use of the structure by said Timothy, or his agents or servants, for any purpose. Prom this judgment, Philip Timpthy appealed.
 

 Counsel for defendant admits that the common-law doctrine of purpresture, when applied to
 
 public things,
 
 the title to which is vested in the state, may be logical and sound; but he argues that, in Louisiana, that doctrine cannot be applied to
 
 common things,
 
 for such things belong to no one. C. C. arts. 450, 451, 452, 453, are cited as supporting counsel’s contention. The cited articles follow:
 

 “Art. 450.
 
 Common Things.
 
 Things, which are common, are those the ownership of which belongs to nobody in particular, and which all men may freely use, conformably with the use for which nature has intended them; such as air, running water, the sea and its shores.
 

 “Art. 451. Seashore is that space of land over which the waters of the sea spread in the highest water, during the winter season.
 

 “Art. 452'. * * * Prom the public use of the seashores, it follows that every one has a right to build cabins thereon for shelter, and likewise to land there, either to fish or shelter himself from the storm, to moor ships, to dry nets, and the like, provided no damage arise from the same to the buildings and erections made by the owners of the adjoining property: Provided however that where a seashore is within the limits of an incorporated city or town, such seashore shall be subject to the police po-vjer of such city or town as set forth in its charter, and no cabins or other structures shall be built on such seashore or in the waters "adjacent thereto, except upon such conditions as the city or town may prescribe.
 

 “Art. 453. Public things are those, the property of which is vested in a whole nation, and the use of which is allowed to all the members of the nation; of this kind are navigable rivers,
 
 *741
 
 seaports, roadsteads and harbors, highways and the beds of rivers, as long as the same are covered with water. Hence it follows that every man has a right freely to fish in the rivers, ports, roadsteads, and harbors.”
 

 It will be noted from a reading of C. O. art. 450, that the free use of
 
 common things
 
 is limited. They may be used by all men freely, provided they are used conformably with the use for which nature intended them. If we were to hold that the bed of Lake Pontchartrain was a common thing, it could not be successfully contended that nature .intended the sea or Lake Pontchartrain to be used for the purpose of erecting permanent houses therein. It will be noted that the illustrations given in the article, viz.: the air, running water, the sea and its shores, do not, even impliedly, include the beds of any waters. . Therefore, as Act No. 258 of 1910 does not deprive any one of the free use of the navigable waters of the state, it is not in conflict with C. C. art. 450, or with any article of the Code or law of the state. We quote the text of the act:
 

 “Section 1. Be it enacted by the General Assembly of the state of Louisiana, that the waters of and in all bayous, lagoons, lakes and bays and the beds thereof, within the borders of the state not at present under the direct ownership of any person, firm, or corporation are hereby declared to be the property of the state. There shall never be any charge assessed against any person, firm or corporation for the use of the waters of the state for municipal, agricultural or domestic purposes.
 

 “Section. 2. Be it further enacted, etc., that while acknowledging the absolute supremacy of the Federal Government over the navigation on and in the navigable waters within the borders of the state, yet nevertheless it is hereby declared and affirmed that the ownership of the water itself and the beds thereof in said navigable streams is vested in the state and that the state has the right to enter into possession of said waters when not interfering with the control of navigation exercised by the federal government thereon, provided this act is not intended to interfere with the acquisition in good faith of any waters or the beds thereof transferred by the state or its agencies prior to the passage of' this act; provided 'further this act shall not affect the acquisition of property by alluvion or accretion.”
 

 The title to the waters and bed of Lake Pontchartrain being in the state, it seems to us immaterial whether the appropriation of a part of the lake bed by the defendant to his exclusive use is a purpresture or a trespass upon the public domain. In either event the state may properly, on the relation of the Attorney General, sue to abate the purpresture or to eject the trespasser from its property.
 

 Section 56 of article 7 of the Oonstitution of 1921 is in part as follows:
 

 “The Attorney General and the assistants, * * * or one of them, shall attend to, and have charge of all legal matters in which the state has an interest, or to which the state is a party, with power and authority to institute and prosecute or to intervene in any and all suits or other proceedings, civil or criminal, as they may deem necessary for the assertion or protection of the rights and interests of the state,” etc.
 

 Defendant cannot successfully invoke C. O. art. 452, for several reasons, viz.: His bathhouse is not built on the shore, but it is built in the bed of the lake; it is not a cabin for shelter, but is a two-story structure, 50 feet square and 40 feet high, and was built for purely business purposes; and, because it is a permanent structure, and not a transient one for temporary use, such as article 452 of the Code clearly contemplates. The suit is based upon an alleged purpresture, trespass, and existing nuisance. The petition, therefore, sets forth a right and cause of action. In Revell v. People, 177 Ill. 468, 52 N. E. 1052, 43 L. R. A. 790, 69 Am. St. Rep. 257, the court said:
 

 “We .think the decided weight of authority is that a purpresture may be enjoined or abated in a court of equity, although it is not injurious or not a public nuisance.”
 

 In McGlothin v. City of Shreveport, 160 La. 101, 106 So. 708, this court recently rec
 
 *743
 
 ognized the right of the state to eject a trespasser from public property.
 

 We do not consider it necessary to comment upon the eases cited by counsel. All of them apply the common-law doctrine of purpresture, without the restraint which'is imposed upon us, to some extent, by our codal provisions.
 

 We find no error in the judgment appealed from, and, for the reasons stated, it is affirmed, at appellant’s cost.